UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 11-64-JBC

LILLIAN PAULINE MCDOWELL,                                                PLAINTIFF

V.                         MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                         DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Lillian Pauline McDowell's appeal of her denial of application for Disability Insurance Benefits ("DIB"). The court will grant the Commissioner's motion, R. 16, and deny McDowell's motion, R. 13, because substantial evidence supports the administrative decision.

At the date of application for DIB, McDowell was a forty-five-year-old female. AR 16, 36. She had an eighth-grade education although she alleged difficulty in comprehending. AR 36, 40. She was able to work as a nursing assistant for approximately thirty years. AR 36. She alleged disability beginning April 1, 2008, due to fibromyalgia, sleep problems, asthma, back and neck pain, and osteoporosis. AR 16. She filed her application for DIB on April 24, 2008. AR 14. The claim was denied initially on July 22, 2008, and upon reconsideration on October 2, 2008. *Id*. McDowell received a hearing on November 12, 2009 before Administrative Law Judge ("ALJ") Marc Mates, who determined that McDowell is not disabled under

1

sections 216(i) and 223(d) of the Social Security Act. AR 14, 18-22. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ found that McDowell had not engaged in substantial gainful activity since April 1, 2008, the alleged onset date, AR 16; that she had severe impairments consisting of fibromyalgia, degenerative disc disease of the spine, and obesity, AR 16-18; that her impairments, either singly or in combination, did not meet or equal one of the Commissioner's Listings of Impairments, AR 18; that, consistent with a prior ALJ's decision, AR 70, she retained the residual functional capacity ("RFC") to perform a restricted range of light work, AR 18-21; and that based on her RFC, jobs exist in significant numbers in the national economy which she can perform. AR 21-22. The ALJ thus denied her claim for DIB on February 26, 2010. *Id*. The Appeals Council denied McDowell's request for review on April 28, 2011, and she commenced this action.

    McDowell challenges the ALJ's ruling on the grounds that (1) the ALJ improperly rejected the opinion of one of her treating physicians, Dr. J. Timothy Garner, and (2) the ALJ performed an improper credibility analysis of her testimony.

    The ALJ properly discounted Dr. Garner's treating opinion. Dr. Garner wrote a letter dated November 9, 2009, stating that McDowell's fibromyalgia and fatigue had not responded to therapy and that she continued to have daytime drowsiness and fatigue due to sleep apnea, despite treatment with a CPAP machine. AR 698. He indicated that medications had helped with her "discomfort," but had not significantly improved her fatigue or depression. *Id*. Dr. Garner also opined that

2

McDowell would not be able to maintain any form of gainful employment. *Id.* However, such a statement is an impermissible vocational conclusion by a physician, which is not entitled to controlling weight under the regulations. 20 C.F.R. § 409.1427(e)(1).

Dr. Garner also completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) on November 11, 2009. AR 699-705. In the statement, Dr. Garner indicated that McDowell could lift 20 pounds occasionally and nothing frequently, AR 699, and could sit, stand, and walk a total of one hour each in an eight-hour day, AR 700. He did not, however, answer a question listed on the statement that asked him to explain what activity McDowell would be performing for the remaining hours of the day. *Id.* Dr. Garner reported that McDowell could "never" perform any of the following activities: postural activities; operation of foot controls; or reaching or other use of her hands. AR 701-02. He also reported that she could have no exposure to any environmental irritants and that she could not shop, walk a block on rough or uneven surfaces, climb a few steps with a single handrail, or sort, handle, or use paper files. AR 703-04. Dr. Garner supported his assessments with findings of muscle pain with multiple trigger points, depressed mood, cervical fusion, and asthma. AR 700-04.

The ALJ rejected Dr. Garner's opinion because Dr. Garner's objective findings were limited only to wheezing and positive trigger points, and because "the overall medical evidence of record shows no significant evidence of physical or neurological abnormalities." AR 20. Dr. Garner also noted on several of McDowell's medical forms that her neurological evaluation was "grossly intact." AR 675, 678, 682-83,

685, 692. As a result, the ALJ concluded that neither the objective evidence nor the treatment regimen was inconsistent with limitations of lifting 20 pounds occasionally and 10 pounds frequently, standing or walking six hours in an eight-hour day, sitting up to six hours in an eight-hour work day, avoiding concentrated exposure to vibration, and performing only simple, routine tasks. AR 20.[1]

The opinion of a treating physician is entitled to great weight, and it may be entitled to controlling weight if it is supported by adequate signs, symptoms, and clinical findings and is not inconsistent with other evidence of record. 20 C.F.R. § 404.1527(d)(2). If the opinion of a treating source is not accepted, the regulations require the ALJ to give "good reasons" for failing to do so. *Wilson v. Comm'r of Social Security*, 378 F.3d 541, 546 (6th Cir. 2004). McDowell alleges that the administrative decision falls short of these standards.

McDowell notes, for instance, that Dr. James S. Powell, another treating source who performed cervical surgery, reported continued neck spasms and decreased range of motion following McDowell's neck surgery. While this is true, the fact remains that Dr. Powell released her from specific restrictions and indicated that she could return to work, albeit not in her former job. AR 596. McDowell cites only her *subjective* complaints to Dr. Garner as being improperly ignored by the ALJ, but the ALJ correctly summarized the lack of *objective* findings to support the disability opinion and restrictions given by Dr. Garner. The ALJ's discussion,

---

[1]The ALJ stated that a state agency reviewing physician agreed with the prior RFC finding. (AR 20). In fact, the state agency reviewer found slightly different non-exertional limitations (AR 557-63), but the plaintiff has not raised the issue on appeal.

although brief, accurately summarized the key weakness in Dr. Garner's evidence; very few objective findings support Dr. Garner's extreme restrictions.

In addition, the opinion of a treating physician need not be given controlling weight where it is contradicted by the plaintiff. *Warner v. Comm'r of Social Security*, 375 F.3d 387, 391 (6th Cir. 2004). First, McDowell had apparently agreed with Dr. Powell, another treating source, that she was not "necessarily" disabled. AR 596. Second, Dr. Garner indicated that she could not perform any activities such as shopping, but McDowell testified that she could shop, at least to a certain extent. AR 41, 704. Third, he stated that she could "never" operate a motor vehicle but she testified that she does drive. AR 36, 703. Finally, Dr. Garner stated that McDowell had made attempts to return to work, AR 698, but McDowell indicated that she had not worked since stopping her long-time job in May, 2006. AR 179-80. These discrepancies reasonably detract from the weight owed to Dr. Garner's opinion.

Because the ALJ's RFC conclusions are supported by substantial evidence and the ALJ followed the *Wilson* standard for discrediting the opinion of a treating source, the ALJ properly rejected Dr. Garner's treating opinion.

The ALJ's credibility assessment of McDowell's testimony was also proper. McDowell asserts that her testimony was supported by the documentation of her treatment records. Subjective complaints of pain are evaluated under the following standard: "There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must

be of a severity which can reasonably be expected to give rise to the alleged pain." *Duncan v. Sec'y of Health and Human Services*, 801 F.2d 847, 853 (6th Cir. 1986). The ALJ found that McDowell did have evidence of an underlying medical condition, but that her testimony concerning the intensity, persistence, and limiting effects of these symptoms was not credible. AR 20. The ALJ contrasted McDowell's statements of severe back pain with the good results she reported to Dr. Powell. AR 19. He also showed that McDowell's conservative treatment was not consistent with complaints of severe pain. AR 20.

McDowell asserts that the ALJ improperly discounted her complaints of depression by saying, in part, that she was not taking any medication for the condition. Dr. Garner's records indicate that she was given at least one prescription for a medication, Trazodone, that can be used to treat depression (as well as other conditions), AR 679, but it is more telling that neither Dr. Garner nor any other treating or examining source described any restrictions on McDowell due to mental issues; a consultative psychological examiner even indicated that McDowell was not psychologically limited in her ability to function in an occupational capacity. AR 486. Therefore, even assuming that the ALJ erred in his credibility finding, no evidence shows that McDowell should be limited to less than simple, routine tasks, as provided in the RFC.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that McDowell's motion for summary judgment, R. 13, is **DENIED**.

6

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R.16, is **GRANTED**.

The court will enter a separate judgment.

Signed on June 12, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY